IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DRAKE JORDAN FINCH,<br>TDCJ-CID No. 01985702 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:24-CV-244-Z-BR |
| | § | |
| 222nd JUDICIAL DISTRICT COURT, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS COMPLAINT**

On November 15, 2024, Petitioner Drake Jordan Finch filed a Petition for Writ of Mandamus. (ECF 3). For the reasons stated below, this case should be summarily DISMISSED WITH PREJUDICE.

**BACKGROUND**

In his Petition, Finch claims to have discovered new evidence in connection with his criminal conviction in Case No. CR-14e-072, filed in the 222nd Judicial District of Deaf Smith County. As a result, he asks this Court for an injunction ordering the state court to provide him a copy of the Clerk's Record and Reporter's Record in his criminal case so that he can prepare a state habeas corpus petition. Upon review, Finch's petition for writ of mandamus lacks any legal basis and, thus, should be dismissed.

**LEGAL ANALYSIS**

Because Finch presumably intends to attempt to proceed *in forma pauperis* in that he has not paid the filing fee, his petition for writ of mandamus is subject to screening under 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[1] These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Finch's petition for writ of mandamus is frivolous and fails to state a claim.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties when mandamus is the only relief sought.  *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam).  Here, Finch's petition for writ of mandamus can be construed only to seek mandamus relief against the judges and clerk of the Deaf Smith County District Court by compelling them to provide a copy of his state case record to him.  Accordingly, Finch's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim.  *See Santee v. Quinlan*, 115

---

[1]The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a mandamus petition stemming from a state criminal proceeding such as the one in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding that petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of section 1915(b)).

F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

## LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Finch's claim is fatally flawed in that the Court has no jurisdiction to provide the requested relief. Under these circumstances, granting leave to amend would be futile and cause needless delay.

## RECOMMENDATION

For the foregoing reasons, Finch's petition for writ of mandamus should be summarily DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 18, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).